UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA



**FILED**

AUG 23 2018

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
By _____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>8885 MONTEREY OAK DRIVE<br><br>ELK GROVE, CALIFORNIA, SACRAMENTO COUNTY<br><br>Defendant. | 2:18-CV-00763-KJM-CKD |

### CLAIM OF NGUYEN XUAN THAO LE AND NGUYEN XUAN HAI LE

NGUYEN XUAN THAO LE AND NGUYEN XUAN HAI LE, and for the reasons set forth herein, claims an interest in the following described property: 8885 MONTEREY OAK DRIVE, ELK GROVE, CALIFORNIA, SACRAMENTO COUNTY, APN: 116-1270-018-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENT

1. On or about March 7th, 2017, SUN CHANG LIN executed and delivered to NGUYEN XUAN THAO LE AND NGUYEN XUAN HAI LE a promissory note ("the note") in the principal amount of TWO HUNDRED SEVENTY-SEVEN THOUSAND TWO HUNDRED DOLLARS NO CENTS ($277,200.00). A copy of the note is attached hereto as exhibit A. The length of time and payment provisions of this loan are: the amounts of principal remaining from time to time unpaid, until said principal sum is paid in full at the rate to nine percent (9%) per annum, payable in monthly installments equal to interest only. Beginning on the 1ST day of May and continuing until to the 30th of May 2020 at which time the entire unpaid principal and any accrued interest is all due and payable in full.

2. The note was and is secured by a deed of trust dated March 7th, 2017, recorded on March 10th, 2017 as instrument no. 20170310 PAGE 1127, in the official records of Sacramento County and State California. A copy of the deed of trust is attached hereto as exhibit B.

3. As of October 1st 2017, the principal due and owing under the note is ONE HUNDRED TWENTY-SEVEN THOUSAND ONE HUNDRED NINETY DOLLARS ($127,190.00) and the interest due and owing is NINE HUNDRED FIFTY-FOUR DOLLARS ($954.00) due monthly, also the amount of principal remaining from time to time unpaid. Interest will continue to accrue under the note at a rate of NINE HUNDRED FIFTY-FOUR DOLLARDS ($954.00) per diem from March 7th 2017. The note is presently in default as a consequence of SUN CHANG LIN failure to pay installments as provided for therein. The note has been continuously in such default since October 1st 2017.

4. Pursuant to the terms of the LIEN, casualty insurance in the amount of THREE HUNDRED FIVE THOUSAND DOLLARS ($305,000.00) must be maintained on the property. The SUN CHANG LIN has paid

casualty insurance premiums in the amount of FIVE HUNDRED SEVENTY-NINE DOLLARS ($579.00) through MARCH 19, 2019.

5. The circumstances under which NGUYEN XUAN THAO LE AND NGUYEN XUAN HAI LE acquired its interest are as follows:

First Hasaca Financial with address at 6891 Lindale Drive, Sacramento, California 95828 and phone number is (916) 393-9580 called us to discuss potential borrower need to loan about Two Hundred Seventy-Five Thousand Dollars ($275,000.00) to buy house with price Three Hundred Ninety-Six Thousand Dollars ($396,000.00). He put down payment about One Hundred Twenty-Four Thousand ($124,000.00) to buy the property as mentioned. The deal is the amounts of principal remaining from time to time unpaid, until the principle is paid full, at rate Nine percent (9%) per annum in the period thirty-six (36) months from closing date.

6. Pursuant to Title 18, United States Code, § 983 (d)(2)(i) the claimant NGUYEN XUAN THAO LE AND NGUYEN XUAN HAI LE is an innocent owner by virtue of the fact that with respect to a property interest in existence at the time the illegal conduct giving rise to forfeiture took place, the term "innocent owner" means an owner who— (i) did not know of the conduct giving rise to forfeiture.

WHEREFORE, the claimant NGUYEN XUAN THAO LE AND NGUYEN XUAN HAI LE requests relief in this action in the form of payment of the amounts due on its promissory note and deed of trust described herein.

Dated: August 8, 2018

Respectfully submitted,

_nguyenle_
Nguyen Xuan Thao Le

_Nguyenl_
Nguyen Xuan Hai Le

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 8, 2018, at CITY Tomball AND STATE of Texas.

_nguyenle_
Nguyen Xuan Thao Le

_Nguyenle_
Nguyen Xuan Hai Le

TO: McGregor W. Scott
UNITED STATES ATTORNEY

Kevin C. Khasigian
Assistant U.S Attorney

501 I Street Suite 10-100
Sacramento, CA 95814

FROM: NGUYEN XUAN THAO LE
SSN: 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

NGUYEN XUAN HAI LE
SSN: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

11603 Balthamwood LN
Tomball, TX 77377

NGUYEN XUAN THAO LE AND NGUYEN XUAN HAI LE requests an expedited settlement of its LIEN interest in the property described as Lot 109, as shown on that certain map entitled "Creekview Unit No.2" filed in the office of the recorder of Sacramento County, California on October 13, 1999 in book 266 of maps, Map No.2. The asset identifier number is APN:116-1270-018-0000. On April 3, 2018, this property was restrained, arrested, or seized for forfeiture by the law enforcement, or alleged to be forfeitable to the United States in a civil or criminal forfeiture case pursuant to 28 U.S.C § 1355 because the acts giving rise to this in rem forfeiture action occurred in this district. This request is based on: to protect the security of this Deed of Trust, Trustor agree

(1) To keep said property in good condition and repair, not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damage or destroyed thereon and to pay when due all claims for labor performed and material furnished thereon; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune, and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumeration herein not excluding the general.
(2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with the loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereon may be release to Trustor. Such application or release shall not cure or waive any default hereunder or invalidate any act done pursuant to such notice
(3) To appear in and defend any action or proceeding purporting to affect the security hereon or the right or Power of Beneficiary or Trustee, and to pay all costs and expense, including cost of

evidence of title and attorney's fee in a reasonable sum, in such action or proceeding in which Beneficiary or Trustee may appear, and in any suit bought by Beneficiary to foreclose this Deed.

Attached to this request are copies of the following supporting documents: DEED OF TRUST WITH ASSIGNMENT OF RENT, INSTALLMENT NOTE, COMBINED FINAL CLOSING STEMENT, AND INSURANCE POLICY.

Casualty Insurance Status The terms of the LIEN require that casualty insurance in the amount of THREE HUNDERED FIVE THOUSAND DOLLARS ($305,000.00) must be maintained on this property. The ANNUAL premium for this insurance is FIVE HUNDERED SEVENTY-NINE DOLLARS ($579.00). Casualty insurance premiums have been paid through MARCH 19, 2019.

Compliance with Filing Deadlines NGUYEN XUAN THAO LE AND NGUYEN XUAN HAI LE understands that this request for expedited settlement does not relieve it of compliance with any statutory filing deadline as a claimant in the civil forfeiture action or as a petitioner in the criminal case ancillary hearing.

## DECLARATION

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  8-8-2018

_____  _____
Nguyen Xuan Thao Le                          Nguyen Xuan Hai Le

1

**ARROWHEAD® GENERAL INSURANCE AGENCY, INC.**

INSURER'S NAME: Universal North America Insurance Company
TIER RATED: Elite
PRODUCER CODE: 035406
PHONE NUMBER: (916)719-6449
PRODUCER LICENSE: 0H23498
PRODUCER NAME: Amazing Insurance Services LLC
NAME OF SELLING PRODUCER/CSR: david phung

**CALIFORNIA DWELLING FIRE APPLICATION**

Customer Number: 82237868
Policy Number: DCA1006680
Effective Date: 03/09/2017 12:06 AM
Premium Quoted: $579
Future Payor: Insured
Pay Plan: Paid In Full
Down Payment Type: Escrow Check
Down Payment Amount: $579
Transmit Date/Time: 03/10/2017 12:06 AM PT

**Coverage is bound at the time of successful transmission to Arrowhead Exchange.
However, all risks are subject to final underwriting approval for continued coverage.**

| APPLICANT INFORMATION ||
|---|---|
| Applicant(s) Name, Mailing Address and Phone Number(s): | Previous Address (if less than 3 years) |
| Sun Chang Lin<br>4661 COUNTRY SCENE WAY<br>SACRAMENTO CA 95823 - 4751<br>Primary: 917-767-2288<br>Secondary: 917-767-2288 | |

| | Occupation | Employment Status | Employer/School Name | Years Employed | Date of Birth |
|---|---|---|---|---|---|
| Applicant | unemployed | Unemployed | na | 0 | 09/12/1990 |
| Co-applicant | | | | | |

| MORTGAGEE(S) ||
|---|---|
| First Mortgagee | Second Mortgagee |
| Nguyen Xuan Thao and Nguyen Hai Le<br>11603 Balthamwood Lane, Tomball TX 77377<br>00000 | |

**A-PLUS Disclosure**

A loss history report will be requested. A loss history report is used to verify your prior loss history in addition to any prior loss history of the location to be insured. Third parties, such as loss reporting agencies are used to obtain this information. Information obtained about you or other applicants during this process is treated confidentially, and used only in connection with underwriting your policy. If an adverse action is taken against you based on your loss history, you will be notified of your right to obtain a copy of your loss history report and allowed to dispute inaccurate and incomplete information contained in your loss history report.

Do I have your permission to run your loss history?  ☑ Yes  ☐ No

| Location to be Covered | Previous Carrier |
|---|---|
| 8885 MONTEREY OAKS DR<br>ELK GROVE CA 95758 - 6348 | AIG |

Two nearest cross streets: on the map & 1 on the map

| RATING INFORMATION ||||||||||
|---|---|---|---|---|---|---|---|---|---|
| Territory | Year Built | Construction | Protection Class | Dwelling Type/Families | Occupancy | Units | Date Purchased | Distance to Hydrant |
| 75 | 2001 | Frame | 2 | Single Family Home | Tenant Occupied | 1 | 03/09/2017 | 1,000 feet or closer |
| | Burglar Alarm | Dead Bolts | Fire Alarm<br>None | Fire Extinguisher | Sprinklers<br>None | Surcharges | Credits | |

| LIMITS |||
|---|---|---|
| PROPERTY COVERAGES | LIMITS | PREMIUM |

| COVERAGE A - Dwelling | $305,000 | $564 |
|---|---|---|
| COVERAGE B - Other Structures | $30,500 | Incl |
| COVERAGE C - Unscheduled Personal Property | $2,500 | Incl |
| COVERAGE D - Fair Rental Value | $30,500 | $0 |
| DEDUCTIBLE | $2,500 | $-90 |
| **LIABILITY COVERAGES** | **COVERAGE** | **PREMIUM** |
| COVERAGE L - Premises Liability | $300,000 | $45 |
| COVERAGE M - Medical Payments | $500 | Incl |
| Exclusion for Fungi, Wet or Dry Rot, Viruses, Bacteria, or Pathogenic Organisms | | Incl |
| **OPTIONAL COVERAGES, CREDITS AND SURCHARGES** | **LIMITS** | **PREMIUM** |
| Extended Replacement Cost - 25% | | Incl |
| | Policy Fee | $60 |
| | Total Premium | $579 |

| UNDERWRITING INFORMATION - All Losses last 5 Years: | |
|---|---|
| Number of Losses | 0 |

## APPLICANT QUESTIONNAIRE

|  | YES NO |
|---|---|
| Year Roof Replaced | 2001 |
| Number of Dogs: 0 | |
| Is the mailing address the same as the physical address? | [ ] [X] |
| New Quote (New Applicant) | [X] [ ] |
| Approved Re-Write | [ ] [X] |
| Vesting Title   None | |
| First Mortgage Type   Lending Institution | |
| Business Conducted on Premises | [ ] [X] |
| Type of Named Insured   Individual | |
| Exotic Pets on premises | [ ] [X] |
| Is a swimming pool located on the premises? | [ ] [X] |
| Trampoline on Premises | [ ] [X] |
| Portable heater, coal or wood burning stove as the primary heat source | [ ] [X] |
| Kerosene or coal heater | [ ] [X] |
| Portable heater used as a secondary heat source | [ ] [X] |
| Number of Farm Animals on premises   0 | |
| Has coverage been declined, cancelled or non-renewed in the last 3 years? | [ ] [X] |
| Bars on the Windows | [ ] [X] |
| Is there a public hydrant within 1,000 feet of the dwelling? | [X] [ ] |
| Is the dwelling built on or within 10 feet of a 30 degree or greater hillside? | [ ] [X] |
| Is the risk within 1,000 feet of salt water? | [ ] [X] |
| Is their home located in any of the following communities: Sierra Nevada, Coastal Ranges, San Bernardino or San Jacinto Mountains? | [ ] [X] |
| Is the dwelling a mobile home or house boat? | [ ] [X] |
| How many acres is the dwelling located on?   0-5 | |
| Is the dwelling of unusual construction? | [ ] [X] |
| Does the Landlord visit the dwelling at least twice a year, or is there a property management company or relative that monitors the property? | [X] [ ] |
| Does the property have a woodstove? | [ ] [X] |
| Does the home have any pre-existing damage? | [ ] [X] |
| Does the dwelling have components containing asbestos including, but not limited to siding, roofing, insulation or flooring material? | [ ] [X] |

## CURRENT INSURANCE CARRIER INFORMATION

| | |
|---|---|
| Name of Current/Previous Insurance Carrier | AIG |
| Number of years with continuous insurance | 3 |
| Has there been any lapse in coverage? | N |

Producer Notes:   bill to escrow

Underwriting Notes:

Sacramento County Recorder
Donna Allred, Clerk/Recorder
BOOK 20170310 PAGE 1127
Acct 1006-SPL EXPRESS-SAC
Friday, MAR 10, 2017 3:21:17 PM
Ttl Pd $48.00    Nbr-0009467062
BAM/61/2-7

RECORDING REQUESTED BY

Placer Title Company

When Recorded Mail To:

Nguyen Xuan Thao Le and Nguyen Xuan Hai Le
11603 Balthamwood Lane
Tomball, TX 77377

Order No. P-194902-TERR

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## DEED OF TRUST WITH ASSIGNMENT OF RENTS
### (With Acceleration Clause)

This DEED OF TRUST, made **March 7, 2017**, between

**Sun Chang Lin, a single man,** herein called TRUSTOR, whose address is , **8885 Monterey Oaks Dr Elk Grove, CA 95758** ,

**Placer Title Company**, a California corporation, herein called TRUSTEE, and

**Nguyen Xuan Thao Le and Nguyen Xuan Hai Le,** herein called BENEFICIARY,

WITNESSETH: That Trustor grants to Trustee in Trust, with Power of Sale, that property described as:

The land described herein is situated in the State of California, County of Sacramento, City of Elk Grove, described as follows:

Lot 109, as shown on that certain map entitled "Creekview Unit No. 2", filed in the office of the recorder of Sacramento County, California on October 13, 1999 in Book 266 of Maps, Map No. 2.

APN: 116-1270-018-0000

Together with the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits.

For the Purpose of Securing (1) Payment of the sum of **Two Hundred Seventy Seven Thousand Two Hundred Dollars and No Cents ($277,200.00)** with interest thereon according to the terms of a promissory note or notes of even date herewith made by Trustor, payable to order of Beneficiary, and extensions or renewals thereof, and (2) the performance of each agreement of Trustor incorporated by reference or contained herein (3) Payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

ACCELERATION CLAUSE: If the trustors shall sell, convey or alienate said property or any part thereof or any interest therein, or shall be divested of their title in any manner or way, whether voluntarily or involuntarily; any indebtedness or obligation secured hereby, irrespective of the maturity date expressed in any note evidencing the same, at the option of the holder hereof and without demand or notice, shall immediately become due and payable.

LSC

**A.     To protect the security of this Deed of Trust, Trustor agrees:**

(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumeration's herein not excluding the general.

(2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

(4) To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

**B.  It is mutually agreed:**

(1) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided or disposition of proceeds of fire or other insurance.

(2) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(3) That at any time or from time to time, without liability therefor and without notice, upon written request of beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(4) That upon written request of Beneficiary stating all sums secured hereby have been paid, and surrender of this Deed and said Note to Trustee for cancellation and retention or other disposition as Trustee in its sole discretion may choose and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The Grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

(5) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(6) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and placed fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(7) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(8) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(9) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

**Signature of Trustor(s)**

*Lin Sun Chang*
Sun Chang Lin

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of _California_ )
County of _Sacramento_ ) ss.
)

On _03/08/2017_ before me, _CHORTING ANNE CHENG_,
Notary Public personally appeared _SUN CHANG LIN_ _____ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct. WITNESS my hand and official seal.

SIGNATURE _Chorting Anne Cheng_



CHORTING ANNE CHENG
COMM. # 2014173
NOTARY PUBLIC - CALIFORNIA
YOLO COUNTY
COMM. EXPIRES APRIL 12, 2017

## REQUEST FOR FULL RECONVEYANCE

TO ESCROW HOLDER, TRUSTEE:

The undersigned is the legal owner and holder of the note or notes, and of all other indebtedness secured by the foregoing Deed of Trust. You are hereby requested and directed to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust.

Dated _____

_____

_____

Please mail Deed of Trust,
Note and Reconveyance to: _____

Do not lose or destroy this DEED OF TRUST or the NOTE which it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.

---

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
|---|

State of _____  )
                                 ) ss.
County of _____  )

On _____ before me,
_____,
Notary Public personally appeared _____
_____ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct. WITNESS my hand and official seal.


SIGNATURE _____

LSC

**Placer Title Company**
4301 Freeport Blvd.
Sacramento, CA 95822

File Number: P-194902
Loan Amount: $277,200.00
Sales Price: $396,000.00
Close Date: 3/10/2017
Disbursement Date: 3/10/2017
Date Prepared: 3/14/2017 8:49:48 AM

## COMBINED FINAL CLOSING STATEMENT

Type: Sale

Property: 8885 MONTEREY OAKS DRIVE
ELK GROVE, CA 95758 (SACRAMENTO)
(116-1270-018-0000)

Buyer(s): SUN CHANG LIN
6312 Welty Way
Sacramento, CA 95824

Seller(s): CHRISTOPHER M HUSING AND CHERYL D HUSING
7934 Aviava Place
Sacramento, CA 95829

Lender: Nguyen Xuan Thao Le and Nguyen Xuan Hai Le

Address: 11603 Balthamwood Lane, Tomball, TX 77377

Certified True and Correct Copy

_____
Placer Title Company

| Description | Buyer P.O.C. | Buyer Debit | Buyer Credit | Seller P.O.C. | Seller Debit | Seller Credit |
|---|---|---|---|---|---|---|
| **Deposits, Credits, Debits** | | | | | | |
| Sale Price of Property | | $396,000.00 | | | | $396,000.00 |
| Deposit | | | $5,000.00 | | | |
| from Sun Chang Lin | | | $127,607.57 | | | |
| **Prorations** | | | | | | |
| County Taxes 3/10/2017 to 7/1/2017 @ $1,808.20/Six Months | | $1,115.06 | | | | $1,115.06 |
| Property Taxes to Sacramento County Tax Collector | | | | | $1,808.20 | |
| **Payoffs** | | | | | | |
| Payoff of First Mortgage Loan to Bank of America Home Loans | | | | | $183,405.73 | |
| Principal: $182,646.29 | | | | | | |
| Interest: $642.44 | | | | | | |
| Demand: $30.00 | | | | | | |
| Recording: $42.00 | | | | | | |
| Reconveyance Fee: $45.00 | | | | | | |
| Payoff of Second Mortgage Loan to Umpqua Bank | | | | | $99,668.74 | |
| Principal: $98,390.35 | | | | | | |
| Interest: $688.36 | | | | | | |
| Early Termination: $500.00 | | | | | | |
| Reconveyance Fee: $45.00 | | | | | | |
| Demand: $30.00 | | | | | | |
| Recording: $15.03 | | | | | | |
| **Commissions** | | | | | | |
| 2.50 % Commission to Dunnigan Realtors | | | | | $9,900.00 | |
| 2.50 % Commission to Elite Realty Services | | | | | $9,900.00 | |
| **New Loans** | | | | | | |
| Loan Amount | | | $277,200.00 | | | |
| Our origination charge $8,316.00 to First Hasca Financial | | $8,316.00 | | | | |
| Credit Report to First Hasca Financial | | $25.00 | | | | |
| Processing Fee to First Hasca Financial | | $995.00 | | | | |

File Number: P-194902      1 of 2

| | | | | | |
|---|---|---|---|---|---|
| Prepaid Interest ( per day from 3/13/2017 to 4/1/2017 ) | | $1,298.65 | | | |
| Homeowner's Insurance Premium to Estiamted | | $1,000.00 | | | |
| **Title Charges** | | | | | |
| Title - Lender's coverage $277,200.00 Premium to Placer Title Company | | | | | |
| Title - Owner's Title Insurance $396,000.00 Premium $1,375.00 to Placer Title Company | | | | $1,375.00 | |
| Title - ALTA 8.1-06/CLTA 110.9-06 (Environmental) TH Endorsement(s) to Placer Title Company | | $25.00 | | | |
| Title - CLTA 100-06 (Restrictions) Endorsement(s) to Placer Title Company | | $0.00 | | | |
| Title - CLTA 116-06 (Designation of Improvements, Address) Endorsement(s) to Placer Title Company | | $0.00 | | | |
| Title - Settlement or closing fee $1,200.00 to Placer Title Company | | $600.00 | | $600.00 | |
| Title - Signing Service to Placer Title Company | | $250.00 | | | |
| Title - Recording Service Fee to SPL | | $9.00 | | $9.00 | |
| Title - Post Policy Endorsements to Placer Title Company | | $0.00 | | | |
| Title - Notary Fees (MLHC Employee) to Placer Title Company | | | | $30.00 | |
| **Government Recording and Transfer Charges** | | | | | |
| Recording fees: Deed $18.00 | | $18.00 | | | |
| Mortgage $48.00 | | $48.00 | | | |
| County Deed Tax/Stamps $435.60 to County of Sacramento | | | | $435.60 | |
| **Additional Settlement Charges** | | | | | |
| Hazard Disclosure Report to Property ID | | | | $99.00 | |
| **Totals** | | $409,699.71 | $409,807.57 | $307,231.27 | $397,115.06 |

Balance Due TO Buyer:       $107.86         Balance Due TO Seller:     $89,883.79
**APPROVED AND ACCEPTED**

SETTLEMENT COORDINATOR

_____
Ted Evangel

TO WHOM IT MAY CONCERN,

Borrower Name:     Sun Chang Lin

Propertry address:     8885 Monterey Oaks Dr

Elk Grove, Ca 95758

SSN/Tax ID:     SS # 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

DOB: 09/12/1990

Lender Name:     Nguyen Xuan Thao Le and Nguyen Hai Le

11603 Balthamwood Lane

Tomball, TX 77377

Principal Balance:     $127,190 as of today

_____
Nguyen Xuan Thao Le

_____
Nguyen Hai Le

**DO NOT DESTROY THIS NOTE:**
When paid, this Note and the Deed of Trust securing same, must be surrendered to Trustee or cancellation and retention before reconveyance of the Deed of Trust will be made

# INSTALLMENT NOTE
# (INTEREST ONLY PAYMENTS)

$277,200.00

For value received, all of the undersigned (collectively referred to as "Maker"), jointly and severally promise to pay to Nguyen Xuan Thao Le and Nguyen Xuan Hai Le ("Holder"), at 11603 Balthamwood Lane, Tomball, TX 77377 or as directed otherwise in writing by Holder, the principal sum of Two Hundred Seventy-Seven Thousand Two Hundred Dollars ($277,200.00), with interest from the _____ day of March, 2017 on the amounts of principal remaining from time to time unpaid, until said principal sum is paid in full, at the rate to Nine percent (9%) per annum, payable in monthly installments equal to interest only or more on the __1st__ day of each and every month, beginning on the 1st day of May, 2017, and continuing until the __30th__ day of May, 2020, at which time the entire unpaid principal and any accrued interest is all due and payable in full.

If the Maker shall sell, convey or alienate the property as described in the Dee d of Trust (defined below), or any part thereof, or any interest therein, or shall be divested of her title or any interest therein in any manner or way whether voluntarily or involuntarily, without the written consent of the Holders being first had and obtained, Holders shall have the right, at its option, except as prohibited by law, to declare any indebtedness or obligations secured hereby, irrespective of the maturity date specified in any Note evidencing the same, immediately due and payable.

*** There is a late charge of 10% of the payment amount after 10th days, If Loan is paid off prior to 6 months from close of escrow, 6 months interest shall be assessed as a penalty.

If this note is secured by real property consisting of one to four residential dwelling units, and is for a term of more than one year and includes a balloon payment provision, the following statement applies:

This note is subject to Section 2966 of the Civil Code, which provides that the Holder of this note shall give written notice to the trustor, or his successor in interest, of prescribed information a least 90 and not more than 150 days before any balloon payment is due.

All payments under this Note shall be made in lawful money of the United States of America. Payments shall be credited first against any costs or expenses due under this Note, then to accrued interest, and finally to principal. The principal amount of this Note may be prepaid, in whole or in part, at any time without penalty (unless a separate prepayment penalty provision is specifically included in the Note, which terms shall override this statement), in which event, interest shall cease to accrue on the portion of the principal so prepaid. Should any amount under this Note not be paid when due, then all remaining principal and accrued interest shall become immediately due and payable at the option of Holders. In no event shall the interest rate charged under this Note exceed the maximum rate permitted under applicable law.

Continued on page 2

# INSTALLMENT NOTE
# (INTEREST ONLY PAYMENTS)

**$277,200.00**

Should suit on this Note or foreclosure of the Deed of Trust (defined below) be commenced, Maker agrees to pay the costs of foreclosure and such additional sums a a court may adjudge reasonable as attorney's fees in any suit.

This note shall be construed in accordance with the laws of the State of California. Any alteration, change or modification of or to this Note, in order to become effective, shall be made by written instrument executed by both Maker and Holder.

        THIS IS A LEGAL DOCUMENT. PLEASE READ IT CAREFULLY.
    IT IS RECOMMENDED THAT YOU CONSULT YOUR LEGAL COUNSEL
         BEFORE EXECUTING OR ACCEPTING THIS DOCUMENT.

"Maker"

*/s/ Lin Sun Chang*
Sun Chang Lin
SS # 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

Mortgage payment instructions:

1. $2,079.00 pay as follows:

    $1,039.50 payable to Nguyen Xuan T. Le

    $1,039.50 payable to Nguyen Xuan H. Le

    Mail to   Nguyen Xuan Thao Le and Nguyen Xuan Hai Le

               11603 Balthamwood Lane

               Tomball, TX 77377

Lender:

*/s/*
Nguyen Xuan Thao Le

*/s/ Nguyen Le*
Nguyen Xuan Hai Le