ERIC GRANT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>REAL PROPERTY LOCATED AT 10170 PATTI WAY, ELK GROVE, CALIFORNIA, SACRAMENTO COUNTY, APN: 132-0910-069-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, ET AL.,<br><br>　　　　Defendants. | 2:18-CV-00763-DJC-CKD<br><br><br>PARTIAL FINAL JUDGMENT OF FORFEITURE RE REAL PROPERTY LOCATED AT 4960 FRANCESCA STREET, ELK GROVE, CA |

Pursuant to the Stipulation for Final Judgment of Forfeiture, the Court finds:

1.　　　This is a civil forfeiture action against nine real properties, one of which is the real property located at 4960 Francesca Street, Elk Grove, California, Sacramento County, APN: 117-1000-033-0000, more fully described in Exhibit A ("defendant property").

2.　　　A Verified Complaint for Forfeiture *In Rem* ("Complaint") was filed on April 4, 2018, alleging that said defendant property is subject to forfeiture to the United States pursuant to 21 U.S.C. §§ 881(a)(6) and 881(a)(7).

3.　　　On June 26, 2018, the defendant property was posted with a copy of the Complaint and Notice of Complaint.

1

Partial Final Judgment of Forfeiture

4.    Beginning on May 12, 2018, for at least 30 consecutive days, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov.  A Declaration of Publication was filed on July 15, 2018.

5.    In addition to the public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individual or entity related to this defendant property:

    a.    Jinquan Li,
    b.    Bernard Horton Retirement Trust and Horton Family Trust

6.    Claimant Jinquan Li filed a Verified Claim on May 21, 2018, and an Answer to the Complaint on June 27, 2018.  Claimants Bernard Horton and Lennette Horton, Trustees of the Bernard Horton Retirement Trust dated September 1, 1979, and Trustees of the Horton Family Trust dated September 10, 1986 ("Horton Lienholders") filed a Verified Claim on June 13, 2018, claiming a lien holder interest in the defendant property and an Answer to the Complaint on June 22, 2018.  No other parties have filed claims or answers regarding this defendant property, and the time in which any person or entity may file a claim and answer has expired.

Based on the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1.    Judgment is hereby entered against claimants Jinquan Li and the Horton Lienholders, and all other potential claimants who have not filed claims in this action.

2.    Upon entry of this Final Judgment of Forfeiture, claimant Jinquan Li shall pay $50,000.00 to the United States in lieu of forfeiting the defendant real property located at 4960 Francesca Street, Elk Grove, California, Sacramento County, APN: 117-1000-033-0000 - the substitute res.  Claimant Jinquan Li shall pay the $30,000.00 to the United States within sixty days from filing of the settlement documents; and $20,000.00 to the United States within one year of the entry of this Final Judgment of Forfeiture or on a date agreed upon by the parties.  All right, title, and interest in the substitute res shall be forfeited to the United States pursuant to 21 U.S.C. §§ 881(a)(6) and 881(a)(7), to be disposed of according to law.

3.    The payment should be in the form of cashier's check made payable to the U.S. Marshals

2

Service, and sent to the U.S. Attorney's Office, Attn: Asset Forfeiture Unit, 501 I Street, Suite 10-100, Sacramento, CA 95814.

4.     The United States shall withdraw their *Lis Pendens* upon entry of this Final Judgment of Forfeiture and within 30 days from receiving payment of the $50,000.00.

5.     If claimant Jinquan Li is unable to pay the $50,000.00 to the United States within the time stipulated above claimant Jinquan Li will be deemed to be in default and the U.S. Marshals Service (or a designee) shall be authorized to list the defendant property for sale.  The U.S. Marshals Service shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of the defendant property.

6.     The U.S. Marshals Service shall have the defendant property appraised by a licensed appraiser of its choosing.  The U.S. Marshals Service and the appraiser may have access to the defendant property and structures, buildings, or storage sheds thereon upon 24 hours telephonic notice.

7.     If necessary, the U.S. Marshals Service, and any real estate broker employed by the U.S. Marshals Service, shall have the right to put a "lock box" on the property to facilitate the marketing and sale of the defendant property.

8.     The following costs, expenses and distributions shall be paid in escrow from the gross sales price in the following priority and to the extent funds are available:

a.     The costs incurred by the U.S. Marshals Service to the date of close of escrow, including the cost of posting, service, advertising, and maintenance.

b.     Any unpaid real property taxes, which shall be prorated as of the date of the entry of the Final Judgment of Forfeiture.

c.     A real estate commission not to exceed the U.S. Marshals Service's contractual brokerage fee.

d.     The seller shall pay any county transfer taxes.

e.     To claimant Horton Lienholders - a sum to satisfy an indebtedness under the Deed of Trust recorded in the official records of Sacramento County as Book number 20160314 Page 1115 on March 14, 2016, in the principal amount of $180,000.00 plus all unpaid interest at the contractual (not default) rate, plus any advances and costs incurred by the Horton Lienholders, up to the date of the payoff of the loan, including, but not limited to reasonable attorney's fees, any insurance advances, and tax advances on the defendant property.  As of the date of the filing of their claim, the principal amount due and owing on the Note was $64,978.43.

f.     The United States will receive $50,000.00 of the remaining net proceeds from the

3

sale of the defendant property. All right, title, and interest in $50,000.00 of the remaining net proceeds shall be substituted for the defendant property and forfeited to the United States pursuant to 21 U.S.C. §§ 881(a)(6) and 881(a)(7), to be disposed of according to law.

g.    The remaining net proceeds, if any, shall be paid to claimant Jinquan Li through his attorney J. Patrick McCarthy.

9.    Any liens or encumbrances against the defendant property that appear on record subsequent to the recording of plaintiff's *Lis Pendens* documents on April 12, 2018, and prior to the close of escrow may be paid out of escrow. The United States may pay any such lien or encumbrance at its sole discretion.

10.    The costs of a lender's policy of title insurance (ALTA policy) shall be paid for by the buyer.

11.    All loan fees, "points" and other costs of obtaining financing shall be paid for by the buyer of the defendant property.

12.    Each party shall execute all documents and provide signatures necessary to close escrow, as required by the title company.

13.    The United States and its servants, agents, and employees are released from any and all liability arising out of or in any way connected with the filing of the Complaint and the posting of the defendant property with the Complaint and Notice of Complaint. This is a full and final release applying to all unknown and unanticipated injuries and/or damages arising out of or in any way connected with the filing of the Complaint and the posting of the defendant property with the Complaint and Notice of Complaint, as well as those now known or disclosed. Claimant Jinquan Li waived the provisions of California Civil Code § 1542.

14.    Claimant Jinquan Li waived any and all claim or right to interest that may have accrued on the money being forfeited in lieu of the defendant real property.

15.    All parties will bear their own costs and attorneys' fees, if any, with the exception of those provided by paragraph 8(e), herein.

///

///

///

4

Partial Final Judgment of Forfeiture

16.     The U.S. District Court for the Eastern District of California, Hon. Daniel J. Calabretta, District Judge, shall retain jurisdiction to enforce the terms of this Final Judgment of Forfeiture.

SO ORDERED THIS 4th day of  February, 2026.


/s/ Daniel J. Calabretta
THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE


**EXHIBIT A**

Real Property located at 4960 Francesca Street, Elk Grove, California

LOT 69, AS SHOWN ON THE "PLAT OF ASTIKOS RANCH", RECORDED IN BOOK 200 OF MAPS, MAP NO. 9, RECORDS OF SAID COUNTY.

APN: 117-1000-033-0000